## RUCIENSKI v. VANADIUM CORPORATION OF AMERICA.

### Civil Action No. 801.

District Court, W. D. New York.

Dec. 24, 1943.

Ivan V. Sturge, of Rochester, N. Y. (William L. Clay, of Rochester, N. Y., of counsel), for plaintiff.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y. (Thomas G. Rickert, of Niagara Falls, N. Y., of counsel), for defendant.

BURKE, District Judge.

The complaint alleges a claim for damages based upon a breach of statutory duty. The complaint and bill of particulars set forth a single cause of action for damages for disease ascribed to inhalation of harmful impurities in the air and the allegations are explicit that all injurious exposure terminated not later than August 31, 1935. The defendant answered setting up the defense of the statute of limitations. The defendant then moved for summary judgment on all the papers. The motion was argued before Judge Knight, who took the motion under advisement and ordered that it be "held generally" subject to being brought on for further consideration at any time by either party upon notice. Neither party has moved in regard thereto. The plaintiff now moves for leave to serve an amended complaint to plead two causes of action. The first would be solely for tuberculosis attributed exclusively to gases and fumes and based on a continuing tort to the end of plaintiff's employment about October 15, 1939. The second would be for dust diseases alleged to have been due solely to dust inhalation ending not later than August 31, 1935. Both purported causes of action are based upon the plaintiff's employment and injuries sustained by the plaintiff during his employment by reason of the defendant's alleged wrongful acts or omissions.

The defendant opposes the motion upon the ground that it is not timely. I think there is no merit to that contention. There has been no decision on the motion for summary judgment and the parties are in much the same position as if that motion had never been made.

A second ground of opposition to the motion is that there has been no proper showing of a basis for approving a departure from the facts as previously alleged by the plaintiff. This, however, should not operate as a bar to the relief asked. Under Federal Rules of Civil Procedure, rule 8 (e), 28 U.S.C.A., following section 723c, a party may state as many separate claims as he has regardless of consistency. An important factor in the allowance of amendments to pleadings is lack of prejudice to the opposing party. There is no showing in the opposition to the motion that any substantial rights of the defendant will be affected by allowing the plaintiff to amend.

The final ground of opposition to the motion is that plaintiff's proposed first cause of action would not be a valid cause of action. It is not the function of the Court to pass on the validity of a proposed pleading on a motion to amend.

The motion is granted.