**WOLDOW et al. v. EDGEMOOR REALTY CO. et al.**

Civ. No. 1020.

United States District Court
D. Delaware.

Jan. 11, 1949.

802

William H. Foulk and Herbert L. Cobin, both of Wilmington, Del., for plaintiffs.

Thomas Herlihy, Jr., and Morris Cohen, both of Wilmington, Del., for defendants.

LEAHY, Chief Judge.

■ The motion to amend should be granted. Only plaintiffs' arguments three, four and five will be discussed. The difficulty with the third reason is plaintiffs do not, in fact, indicate how they would be prejudiced if the leave to amend is granted. They argue that by the amendment they are deprived of the judicial admission which they had in the previous answer which, according to their interpretation, concedes the authority in Culhane to bind defendants. Plaintiffs' assumption that there was such a judicial admission is far from clear, for the authority of a corporate officer to bind the corporation by his acts is a necessary part of plaintiffs' case (Owens Bottle-Mach. Co. v. Kanawha Banking and Trust Co., 4 Cir., 259 F. 838) and is already in issue by defendants' general denial. Alternative defenses are permitted and the mere fact one defense is inconsistent with general denial, or with the facts actually proved at trial is, I think, insufficient to support a claim of judicial admission. It is doubtful, in law, under this theory, whether the second defense is at all needed; but I see no harm in specifically setting up such an affirmative defense.

■ Whether the proposed amendment is contrary, as asserted in four above, to the alleged facts contained in the depositions is irrelevant. The depositions may never be used, i.e., never become evidence or part of the record of the case. If it is possible to amend pleadings at trial to conform to the proof, certainly there can be no objection in the nature of things to an amendment before trial, regardless of the effect to be given to matters contained in depositions.

■ The fifth reason, viz., that the facts were known to defendants at the time the original answer was filed, would appear to be the most important one. But there is an error of fact in the plaintiffs' argument, for defendants claim that all the facts were not know to them at the time the original answer was filed but, in fact, became known only after Culhane's deposition was taken. In support of their argument, plaintiffs rely on Darcy v. North Atlantic & Gulf S.S. Co., Inc., D.C., E.D. Pa., 1948, 78 F.Supp. 662; Schick v. Finch, D.C., S.D. N.Y., 1944, 8 F.R.D. 639; Canister Co., Inc., v. National Can Corp., D.C. Del., 1946, 6 F.R.D. 213; and Friedman v. Transamerica Corp., D.C. Del., 1946, 5 F.R.D. 115. These cases are beside the mark. Darcy v. North Atlantic & Gulf S.S. Co., for example, was based almost exclusively on the ground that the amendment would prejudice the rights of the plaintiff. Here there can be no showing of prejudice because plaintiffs, in the first place, in view of the general denial, had to show authority of Culhane; lack of such authority is the sum and substance of the proposed amendment. The real plaint of plaintiffs is that the amended answer increases in some inexplicable manner their burden of proving authority to bind by requiring proof of Culhane's authority; but, as indicated, they had that burden anyway. In Schick v. Finch the amendment was proposed just before trial and amounted, in fact, to a substantial change in the issues. There is no such change here. The other cases

relied on are decisions of this court and I am unable to see their relevancy to the precise question involved here. The timeliness of motions to amend obviously depends upon the facts of each case and the legal pantomime in getting the case to issue. Here, defendants cannot be indicted with the charge of either thoughtful or thoughtless delay.

I think the proposed amendment is well within the spirit of the liberalities afforded by the rules and the motion should be granted.