534

ARMSTRONG CORK CO. v. PATTERSON-
SARGENT CO.
Civil No. 25450.

United States District Court
N. D. Ohio, E. D.
April 5, 1950.

See also 8 F.R.D. 215.

Howard F. Burns, of Cleveland, Ohio, Walter J. Blenko, and Ed. Hoopes III, Pittsburgh, Pa., for plaintiff.

Jerome N. Curtis, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action involving violations of plaintiff's trademark rights by the defendant.

Issue was joined August 30, 1948. Since that time plaintiff has taken several expensive depositions but it has at no time filed a request for trial and at one time this action faced dismissal for want of prosecution. On January 27, 1950, defendant moved for leave to file an amended answer.

The amendments in effect do two things: One withdraws what plaintiff alleges is a judicial admission and the other amendment asserts that plaintiff's trademark, Lino-Gloss, is merely descriptive and not entitled to registration as a trademark.

Plaintiff objects to the amendments because (1) the motion is not timely, (2) the motion seeks to withdraw a judicial admission damaging to defendant and (3) the new matter sought to be introduced into the answer is irrelevant to the issues.

This motion is filed under favor of Federal Rules of Civil Procedure, Rule 15 (a), 28 U.S.C.A., which provides in part that "leave shall be freely given when justice so requires." The district courts are liberal in allowing amendments after issue has been joined (International Ladies' Garment Workers' Union v. Donnelly Co.,

8 Cir., 121 F.2d 561; Moore v. Illinois Central R. Co., D.C., 24 F.Supp. 731) but the decision to allow or to deny the amendment rests in the sound discretion of the trial court. Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F.2d 959. Since it is a discretionary matter, the cases cited by both parties become merely advisory and do not compel this court to take any particular action. Each case must rest on its own facts.

■ The new defense offered by defendant if it can be maintained by fact and law would seem to afford a complete defense to plaintiff's charges. Justice would seem to require that the defendant be given the opportunity to present this defense unless the amendment will prejudice plaintiff in some way other than by stating a good defense. The only prejudice plaintiff has shown lies in the fact that the original answer contains an admission which is omitted by the amended answer and that it already has taken expensive depositions. If the amendments are allowed additional depositions of the same witnesses may become necessary at additional cost to plaintiff which could have been avoided if the new defense had been included in the original answer.

These so-called prejudicial factors can be removed by the simple procedure of a conditional allowance of the motion. There seems to be authority for such procedure. Furlow v. Cornith State Bank, 5 Cir., 84 F.2d 473 (Equity Rules); Geopulos v. Mandes, D.C., 35 F.Supp. 276. The court will grant leave, on condition that defendant stipulate that the admitted fact in the original answer is true, and that the reasonable costs of taking new depositions, if required, of witnesses formerly examined will be paid by the defendant.

Several cases have held that the party wishing the amendment must have been diligent in his search that results in the amendment and his neglect to file a timely amendment must be excusable. Hessian Hills Corp. v. Union Central Life Ins. Co., D.C., 1 F.R.D. 743; Kuris v. Pepper Poultry Co., D.C., 2 F.R.D. 361; Schick v. Finch, D.C., 8 F.R.D. 639. These requirements are found in Rule 13(f) which provides for omitted counterclaims. They cannot be found in Rule 15 and apparently the courts have transferred these requirements from Rule 13 to Rule 15 while overlooking the fact that Rule 15 covers a much wider scope than does Rule 13(f). In the light of the avowed liberality which Rule 15(a) receives, I can see no reason whatsoever for enforcing such requirements.

Other cases hold that if the opposing party will be prejudiced the amendment will not be allowed. Schick v. Finch, supra; Redmond v. O'Sullivan Rubber Co., Inc., D.C., 10 F.R.D. 519; Maryland Casualty Co. v. Richenbaker, 4 Cir., 146 F.2d 751. These cases, however, seem to turn on the fact that the proposed amendments would have forced the other party into trial without adequate preparation. In this case there is no need to fear that plaintiff will go into trial unprepared for at the present time this action is not yet on the trial calendar. Any other prejudice that might result can be eliminated by a conditional approval of the motion.

■ Some of the above cases plaintiff contends stand for the proposition that delay itself will defeat the motion. The correct rule, however, may be found in Woldow v. Edgemoor Realty Co., D.C., 81 F.Supp. 800, 803, where it was held that: The timeliness of motions to amend obviously depends upon the facts of each case and the legal pantomime in getting the case to issue."

Time of itself is not important. Other reasons must attach and in this case there is no reason that prevents a favorable ruling on this motion.

Plaintiff contends that the new defense is insufficient in law. Several cases have held that such issue should not be considered while ruling on a motion for leave to amend. Lader v. Dahlberg, D.C., 2 F.R. D. 49; Rucienski v. Vanadium Corp., D.C. 6 F.R.D. 313.

Leave to amend will be granted upon acceptance of the above mentioned conditions.