The **A. L. B. THEATRE CORPORATION**
v.
**LOEW'S INCORPORATED** et al.
No. 56 C 727.

United States District Court
N. D. Illinois.
Dec. 31, 1957.

Simon & Collen, Howard Hoosin and Edward Slovik, Chicago, for plaintiff.

Robert W. Bergstrom, John F. Caskey and Frances E. Matthews, Chicago, for TCF Film Corp.

Mayer, Freidlich, Spiess, & Tierney, Brown & Platt, Chicago, for Loew's, Inc., Universal Pictures, Warner Bros. Pic. Distributing Corp., United Artists and Columbia.

Arthur A. Goldberg, Chicago, for Balaban & Katz.

Block, Hall, Johnston, Thompson, Raymond & Mayer, Chicago, for Paramount Film Distributing Corp.

JULIUS J. HOFFMAN, District Judge.

The plaintiff, The A. L. B. Theatre Corporation, has moved for leave to file an amended and supplemental complaint under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion was presented more than a year and a half after the filing of the original complaint; consequently it was taken under advisement for careful consideration. Notwithstanding the substantial lapse of time prior to filing of the motion, however, leave to amend is granted.

Under Rule 15(a) a pleading to which a response has been filed may be amended only by leave of court or with the consent of the adverse party. The Rule expresses a mandate that "leave shall be freely given when justice so requires. * * *" A motion to amend is addressed to the sound discretion of the court. Emich Motors Corp. v. General Motors Corp., 7 Cir., 1956, 229 F.2d 714; Arrow Petroleum Co. v. Johnston, 7 Cir., 1947, 162 F.2d 269, certiorari denied, 1947, 332 U.S. 817, 68 S.Ct. 158, 92 L.Ed. 394. Therefore, the decisions cited in the briefs of the parties are advisory only, and the case must rest upon its particular facts. Armstrong Cork Co. v. Patterson-Sargent Co., D.C.N.D. Ohio 1950, 10 F.R.D. 534.

This action is predicated upon alleged antitrust violations by the defendants resulting in the inability of the plaintiff, operator of the Belmont motion picture theater, to obtain an adequate film supply. On April 20, 1956, the plaintiff filed its original complaint seeking injunctive relief. Since that time the plaintiff has lost its lease on the Belmont Theater. Unprofitable operations caused by inability to obtain pictures from the defendant distributors allegedly resulted in the plaintiff's eviction for failure to pay rent on January 31, 1957.

There are three significant differences between the original and amended complaints. The first is that the new com-

plaint seeks treble damages under the Clayton Act, 15 U.S.C.A. § 12 et seq. instead of injunctive relief as originally prayed. The plaintiff notes that in view of its eviction from the Belmont Theater an injunction against the defendants' practices would no longer be of any benefit to it. The second difference lies in the allegations concerning the nature of the conspiracy with which the defendants are charged. The original complaint asserts that the defendants are engaged in a continuing conspiracy to monopolize and restrain commerce in the licensing of motion pictures in the City of Chicago. It describes the distribution system for films employed by the defendant distributors since about 1947. The amended complaint adds to the former conspiracy allegations assertions that the combination originated prior to 1935; it contains detailed descriptions of the practices of the defendants between 1935 and 1947 and avers that the findings and decrees of United States v. Paramount Pictures, Inc., D.C.S.D.N.Y., 70 F.Supp. 53, 85 F.Supp. 881, are prima facie evidence of the truth of the allegations concerning this earlier period. The third difference between the complaints is found in the charges concerning the rental prices paid by Balaban & Katz theaters to obtain films from the defendant distributors. These charges as made in the amended complaint are somewhat modified from those originally stated.

The principal argument advanced by the defendants in opposition to the plaintiff's motion rests upon several cases holding that leave to amend a pleading will not be granted if the moving party has delayed in presenting its amendment without showing an adequate reason for the delay. See, e. g., Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1945, 146 F. 2d 165; Schick v. Finch, D.C.S.D.N.Y. 1944, 8 F.R.D. 639. The defendants maintain that the plaintiff could have offered its amendment shortly after its eviction on January 31, 1957; instead,

the defendants note, the plaintiff waited about eight months before moving to file the new complaint.

With respect to a similar argument the court stated in Armstrong Cork Co. v. Patterson-Sargent Co., supra, D.C.N.D. Ohio 1950, 10 F.R.D. 534, 535 that

"Some of the above cases plaintiff contends stand for the proposition that delay itself will defeat the motion. The correct rule, however, may be found in Woldow v. Edgemoor Realty Co., D.C., 81 F.Supp. 800, 803, where it was held that: 'The timeliness of motions to amend obviously depends upon the facts of each case and the legal pantomime in getting the case to issue.'

"Time of itself is not important. Other reasons must attach and in this case there is no reason that prevents a favorable ruling on this motion."

The opinions of the Court of Appeals for the 7th Circuit have consistently employed as the criterion for granting or refusing leave to amend a pleading the test of whether the adverse party would be prejudiced by filing of the amendment. See, e. g. Goldenberg v. World Wide Shippers & Movers of Chicago, Inc., 7 Cir., 1956, 236 F.2d 198; Huse v. Consolidated Freightways, Inc., 7 Cir., 1955, 227 F.2d 425; Aiken v. Insull, 7 Cir., 1941, 122 F.2d 746, certiorari denied, 1941, 315 U.S. 806, 62 S.Ct. 638, 86 L.Ed. 1205. No case in this circuit has been found which holds that delay in itself warrants refusal of leave to amend. In the Goldenberg case, supra, the district court had permitted an amendment of the complaint two years after the filing of the complaint and two days before trial. The Court of Appeals upheld this ruling on the ground that the defendant was not prejudiced by the plaintiff's delay in offering its amendment. In the Huse case, supra, prejudice to the adverse party was also employed as the criterion for judging whether an amendment should be accepted. In the Aiken

case, supra, the same criterion was used, and the district court was held in error for denying leave to amend seven years after the original complaint was filed.

In the present case, it must be determined whether the defendants will be prejudiced if leave to amend be granted. In view of the change in the plaintiff's circumstances, justice would seem to require that leave be afforded if the defendants will not be prejudiced thereby.

The defendants do not claim that they will be prejudiced if leave is granted. Rather, they rely upon the plaintiff's delay as itself requiring denial of leave to amend. Two points made by the defendants in their brief, however, bear upon the issue of prejudice.

First, it is argued that several portions of the new complaint are legally insufficient. The defendants admit that such insufficiency is not a matter bearing upon the question of whether leave to amend should be granted. Peterson Steels, Inc., v. Seidmon, 7 Cir., 1951, 188 F.2d 193. They state, however, that motions to strike will have to be made if the new complaint is allowed, and that extensive briefs and arguments will be required thereon.

This contention does not establish a ground for refusing leave to amend. If the original complaint were dismissed as moot, the amended complaint, the plaintiff states, would be filed as a new action. The defendants then would be faced with the necessity of raising the same legal arguments which they state they must now present with respect to the amended complaint. The defendants do not assert that insufficient time remains in which to prepare their defense to the new matters raised by the amendment, nor do they argue that their trial preparation will be hampered in any way. Therefore no showing of prejudice is made by the contention that motions to strike are necessitated by the new complaint.

The second point made by the defendants bearing upon the question of prejudice concerns the modification in the new complaint of the charges with respect to film rentals paid by Balaban & Katz theaters. The defendants state that these charges were altered for the purpose of avoiding certain interrogatories propounded by the defendants. They maintain that answering these interrogatories would be embarrassing to the plaintiff, and that the plaintiff should not be allowed to avoid the questions simply by filing an amended complaint. The defendants do not state in what way the answers to interrogatories would prove embarrassing to the plaintiff. Apparently the defendants mean that the plaintiff's replies would show its inability to substantiate certain aspects of the original charge.

The fact that the plaintiff has abandoned charges which it discovered it could not support is not a ground justifying denial of leave to amend. The defendants are not prejudiced by this modification of the complaint; to the contrary they are spared the trouble of defending the allegations which have been abandoned. If the answers to the interrogatories are relevant to the cause as stated in the new complaint they may still be obtained. However, if they are no longer pertinent to the cause, the defendants can not be prejudiced in their trial preparation by their inability to acquire the information sought.

The defendants have made no showing that they would be prejudiced by the filing of the amended and supplemental complaint. For this reason, and in view of the plaintiff's change in circumstances since the initiation of this action, leave to file the amended and supplemental complaint is hereby granted. The defendants are ordered to file responsive pleadings thereto on or before February 14, 1958.