Lester R. COOPER and Allstate Insurance
Company, Plaintiffs-Appellees,

v.

AMERICAN EMPLOYERS' INSURANCE
COMPANY, Defendant-Appellant.

No. 14460.

United States Court of Appeals
Sixth Circuit.

Dec. 1, 1961.

Gerald P. Openlander, Toledo, Ohio,
for defendant-appellant.

Jamille G. Jamra, Toledo, Ohio (East-
man, Stichter & Smith, Frank E. Kane,
Toledo, Ohio, on the brief), for plaintiffs-
appellees.

Before MILLER, Chief Judge, and
CECIL and O'SULLIVAN, Circuit Judg-
es.

SHACKELFORD MILLER, Jr., Chief
Judge.

The appellees, Lester R. Cooper and
Allstate Insurance Company, hereinafter
referred to as Allstate, filed this declara-

**304**

tory judgment action to determine whether the appellee Allstate or the appellant American Employers' Insurance Company, hereinafter called Employers', was liable under their respective insurance policies for damages caused by the negligent operation of a Chevrolet automobile, covered by both policies and being operated at the time by the appellee Cooper.

Glenn Maurer of Elkhart, Indiana, was the owner of the 1957 sedan automobile involved in the accident. Prior to February 5, 1959, the date of the accident, Employers' issued to Maurer its policy of automobile liability insurance covering the period of May 27, 1958, to May 27, 1959, covering the Chevrolet sedan. The location of the Chevrolet was stated to be Elkhart, Indiana. The named insured in the policy was Glenn and Shirley Maurer, the latter being his wife. The policy provided that, with respect to the owned automobile, the following were insured: (1) the named insured and any resident of the same household; (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured. With respect to a non-owned automobile, the following were insured: (1) the named insured; (2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative.

While the policy was in effect, and prior to February 5, 1959, without the knowledge of Employers', Maurer sold a one-half interest in the Chevrolet to Jack E. Strintz, although no change was made in the registration of the car. Also, the location of the Chevrolet was changed from Elkhart, Indiana, to Toledo, Ohio, without knowledge on the part of Employers'. Maurer and Strintz were New York Central employees, regularly making the run from Elkhart, Indiana, to Toledo, Ohio, and return. The location of the Chevrolet was changed from Elkhart to Toledo for their use in Toledo.

Prior to February 5, 1959, Allstate issued its automobile liability insurance policy to the appellee Cooper. This policy covered Cooper while driving his own automobile and also while driving the Chevrolet sedan under the "Drive Other Car" coverage of Allstate's policy. The Allstate policy provided with respect to a non-owned automobile that the coverage would be excess insurance over any other collectible liability insurance of any kind available to the insured. The Allstate policy was in full force and effect on February 5, 1959.

On February 5, 1959, Cooper took the Chevrolet sedan covered by Employers' policy and while using it in Toledo for his personal use, was involved in a collision with another automobile occupied by Herbert H. Puse and members of his family, resulting in injuries to them.

The injured parties filed actions against Cooper and Cooper called upon Allstate to defend him. Allstate, in turn, called upon Employers' to undertake Cooper's defense, claiming that, though both policies protected Cooper while driving the Chevrolet, Employers' coverage was the primary coverage and should be first used to pay the claims.

It was claimed by Employers' that it was repeatedly assured by Maurer, without equivocation, that Cooper had taken the Chevrolet without his knowledge or consent. Employers', relying upon that assurance, denied liability and refused to undertake the defense of the claims being asserted against Cooper. Allstate thereupon undertook the defense of the suits, which were tried, resulting in substantial judgments in favor of the Puses.

The present declaratory action by Allstate and Cooper was for the purpose of determining which insurance company was liable to pay these judgments. Allstate contended that since Employers' Liability insurance was available to Cooper, Allstate was only liable for the excess liability over Employers' policy limits. Employers' in its answer to the complaint admitted that it issued the policy of insurance herein involved but denied liability thereunder on the ground that Cooper was operating the Chevrolet at the time without the permission of the named in-

sured. The issue presented by the pleadings was, accordingly, whether Cooper was operating the Chevrolet at the time with Maurer's permission.

The case was assigned for trial in the District Court on Monday, October 17, 1960. On Friday, October 14, 1960, Allstate took Maurer's deposition. This deposition was not filed in the case and we do not have it before us. However, for the purposes of this case, as hereinafter pointed out, we accept Employers' claim as to what this deposition disclosed. Employers' claim that in it Maurer disclosed to Employers' for the first time (1) that he had disposed of a one-half interest in the Chevrolet to Strintz after the Employers' policy was issued; and (2) that after the policy was issued the Chevrolet had been moved from Elkhart, Indiana, to Toledo, Ohio, where it was thereafter garaged. Employers' also claim that in this deposition Maurer stated, in contradiction of the positive statement theretofore made by him, that permission or authorization might have been given by him to Cooper to use the Chevrolet at the time of the accident.

This information made a material change in the overall picture of the case on the part of Employers'. Not only was the single defense upon which it relied materially and unexpectedly weakened, but it made available to Employers' other possible defenses based on facts previously undisclosed to it by its insured, namely, (1) failure of its insured to cooperate in the defense of the action, as required by the policy; (2) change in the ownership of the insured automobile; and (3) change of its location from one state to another. With respect to ownership of the Chevrolet, Cooper was covered by Employers' policy if the Chevrolet was "the owned automobile" of the named insured. Cooper was not covered by Employers' policy if the Chevrolet was "a non-owned automobile" of the named insured.

By reason of court commitments in another city on Saturday, October 15, Employers' counsel had limited time to give to these developments, but he was able on Sunday, October 16, to do some research on the questions involved, and to prepare an amended answer and a third-party complaint against the Maurers, which he tendered for filing, together with a motion for a continuance, when the case was called for trial on Monday, October 17. In doing so, he explained in detail to the Court about the information disclosed by the Maurer deposition. The amended answer set out the information disclosed to Employers' through the Maurer deposition, the change of position on the part of Maurer with respect to the issue of permissible use of the Chevrolet by Cooper, and pleaded the three new defenses hereinabove referred to. The question was discussed at some length by the Judge and counsel for the respective parties. The motions to file the amended answer, the third-party complaint, and for a continuance were overruled. The case went to trial on the issue of permissive use. Employers' was not permitted to raise the defenses contained in the tendered amended answer on the ground that they were not raised by the pleadings.

At the trial Maurer testified that he did not give Cooper permission to use the car, but on cross-examination he admitted that when, at a prior time, he had been asked the direct question whether or not Cooper had his permission to use the car, he had not answered the question yes or no, but had just shrugged his shoulders and said, "Well, I'm not going to press charges." Cooper testified that he had permission to use the car. Allstate also called two other witnesses on this issue. The District Judge made a finding that at the time of the collision Cooper was operating the Chevrolet with the permission of Employers' named insured, G. L. Maurer. Judgment was entered which provided that Allstate was under no obligation to defend Cooper or to pay the judgments against him until the monetary coverage extended by Employers' insurance policy was exhausted, and that Employers' was obligated to defend Cooper against the claims of the Puses and to pay costs and expenses, in-

cluding attorneys' fees, incurred by Allstate in the investigation and defense of the claims.

Appellant contends it was prejudicial error on the part of the District Judge to refuse to permit it to file its third-party complaint and its amended answer tendered when the case was called for trial. Appellees contend that this was a matter resting within the discretion of the District Judge.

We find no merit in appellant's complaint about the ruling with respect to the third-party complaint. The Maurers lived in Indiana and were not subject to the process of the Court. Any claim which Employers' might have against the Maurers could be later enforced by Employers' in a separate action against the Maurers in an Indiana court. There was no prejudice to the appellant in the ruling.

With respect to the amended answer, the question is controlled by Rule 15(a), Rules of Civil Procedure, 28 U.S. C.A., which provides in substance that at a point in the proceedings, such as existed in this case, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The rule confirms the practice in effect prior to its adoption, in which liberality in amendments was encouraged and favored, where no prejudice or disadvantage was suffered by the opposing side. McDowall v. Orr Felt & Blanket Co., 146 F.2d 136, 137, C.A. 6th; McHenry v. Ford Motor Co., 269 F. 2d 18, 25, C.A.6th. The rule gives effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities. Copeland Motor Co. v. General Motors Corp., 199 F.2d 566, 567–568, C.A.5th.

The District Judge, in making his ruling, relied mainly upon the fact that a continuance of the case would impose a real hardship upon the Puses, who, in addition to their injuries, had incurred considerable expense, for which compensation should not be delayed longer than necessary. He did not think it was fair to them, as innocent bystanders, to require them to wait for months or years until the insurance companies determined their quarrel. It will be noticed that the ruling is thus based not on resulting prejudice to the opposing party to the action, but on resulting prejudice to one who is not a party to the action.

Assuming, but not deciding, that such a consideration was properly injected into the case by the District Judge, we are of the opinion, for the reasons hereinafter given, that the amended answer could have been filed without resulting prejudice to the Puses.

We do not believe it was necessary to have postponed the trial of the action if the amended answer had been filed. It appears to us that it raised no new factual issue. The issue of permissive use was already in the case. There appears to be no real dispute about the sale of the one-half interest in the Chevrolet to Strintz or that the car had been moved from Elkhart, Indiana, to Toledo, Ohio. Whatever formal issue may have existed about these matters probably could have been quickly disposed of by a pretrial hearing. Rule 16, Rules of Civil Procedure. Maurer was a witness in the case and was available for questioning. Such an attempt should have been made. The case was not tried to a jury. The fact that the amended answer injected into the case new legal issues rather than new factual issues, is not sufficient to deny the amendment or to cause a continuance. Witcjak v. New Franklin Coal Mining Co., 173 F.Supp. 661, 663, E.D. Pa.

It also appears that even if the amended answer had been filed and a continuance granted, it did not necessarily follow that payment of the judgments against Cooper would have been materially delayed. The record indicates that Employers' was willing to pay the judgments if its rights against Allstate for reimbursement were protected in the event this action was eventually decided in its favor. We believe that permission to file the amendment should have been

given and a continuance granted, if requested by Allstate, under an appropriate order providing for the payment of the judgments by Employers', without prejudice to its rights against Allstate upon the final disposition of this case. Armstrong Cork Co. v. Patterson-Sargent Co., 10 F.R.D. 534, (N.D.Ohio, same district as in the present case); Parissi v. Foley, 203 F.2d 454, 455, C.A.2nd, reversed on other grounds, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867; Chicago Pneumatic Tool Co. v. Hughes Tool Co., 192 F.2d 620, 631, C.A.10th; Rossi v. McCloskey and Company, 149 F.Supp. 638, 641, E.D.Pa.; Phoenix Hardware Co. v. Paragon Paint & Hardware Corp. (E.D.N.Y.), 1 F.R.D. 116.

Allstate contends that in any event the ruling was correct because the defenses pleaded in the amended answer were not valid defenses as a matter of law. As stated earlier in this opinion, it is necessary in considering this question that we accept as true the factual allegations contained therein, although if the case should go to trial on the amended answer, Allstate would not be bound by them. McHenry v. Ford Motor Co., supra, 269 F.2d 18, 24, C.A. 6th; McDowall v. Orr Felt & Blanket Co., supra, 146 F.2d 136, 137, C.A.6th.

Also, the proposed amended pleading must be viewed in the light most favorable to the pleader; it should not be rejected unless it appears to a certainty that the pleader would not be entitled to any relief under it. Peterson Steels v. Seidmon, 188 F.2d 193, 195, C.A.7th; McNaughton v. New York Central Railroad Co., 220 F.2d 835, 840, C.A.7th; McHenry v. Ford Motor Co., supra, 269 F.2d 18, 25, C.A.6th; Armstrong Cork Co. v. Patterson-Sargent Co., supra, 10 F.R.D. 534, 535 (N.D.Ohio). As stated in the McHenry case, it is not desirable that the court at this point in the proceedings should pass on the validity or invalidity of the pleading.

We are of the opinion that the new defenses raised by the amended answer are not frivolous, but present some trouble-some questions of law. The cases cited by Allstate deal with lack of cooperation on the part of the driver of the automobile not on the part of the named insured. No case is cited to us by Allstate involving lack of cooperation on the part of the named insured in an action against an additional insured who is not charged with a failure to cooperate. On this question in general, see Ocean Accident & Guarantee Corp. v. Lucas, 74 F.2d 115, 117, 98 A.L.R. 1461, C.A.6th; The Travelers Indemnity Co. v. Cochrane, 155 Ohio St. 305, 98 N.E.2d 840; Annotation, 34 A.L.R.2d 264.

Nor are we cited any case passing upon the specific question of whether an automobile jointly and equally owned by the named insured and a stranger to the policy is "the owned automobile" of the insured or "a non-owned automobile" of the insured within the meaning of the policy. This involves a construction of the written contract, for the purpose of determining the extent of coverage. It is not a question of whether a breach of condition with respect to ownership in a liability policy, as contrasted with a policy of casualty insurance, will void the policy, which question is discussed at some length by counsel for appellees. See: Ohio Farmers Insurance Co. v. Lantz, 246 F.2d 182, 185, C.A.7th; Hawkeye-Security Ins. Co. v. Presbitero & Sons, 209 F.2d 281, C.A.7th.

In any event, an answer to this contention is that the District Judge did not base his ruling upon the ground that the asserted defenses were not valid defenses as a matter of law, and did not rule upon these issues. If reasonably avoidable we should avoid becoming a court of first instance for the determination of a question of state law about which the parties are in disagreement. Helvering v. Stuart, 317 U.S. 154, 164, 63 S.Ct. 140, 87 L.Ed. 154; Boyd v. Gray, 261 F.2d 914, C.A.6th. See: Edward G. Budd Manufacturing Co. v. N. L. R. B., 332 U.S. 840, 68 S.Ct. 262, 92 L.Ed. 412; Brown v. United States, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710.

The judgment is vacated and the case remanded to the District Court with instructions that the appellant be permitted to file an amended answer implementing its defenses with such facts as might be material and relevant and for a new trial. Section 2106, Title 28 U. S. Code.