McMINN COUNTY, TENNESSEE,
etc., Plaintiff,

v.

CITY OF ATHENS, TENNESSEE, etc.,
and Tennessee Valley Authority,
etc., Defendants.

Civ. A. No. 3950.

United States District Court
E. D. Tennessee, S. D.

April 8, 1963.

Supplemental Opinion June 29, 1963.

C. T. Zeigler, Athens, Tenn., Ambrose, Wilson & Saulpaw, Knoxville, Tenn., for plaintiff.

Higgins & Biddle, Washington & Carter, Athens, Tenn., for defendant City of Athens.

Charles J. McCarthy, Thomas A. Pedersen, Knoxville, Tenn., for Tennessee Valley Authority.

NEESE, District Judge.

The plaintiff McMinn County, Tennessee seeks to recover certain unspecified amounts of money allegedly due it by virtue of electric power contracts entered into by and between the defendants, City of Athens, Tennessee and the Tennessee Valley Authority, the latter defendant being a United States corporation authorized to enter into such contracts under 16 U.S.C. § 831 et seq. Both of the defendants have made motions for dismissal of this action on the ground that the complaint does not state a claim on which relief can be granted against them, respectively.

The plaintiff County's complaint alleges that the defendant City, in connection with the operation of its electric distribution system, entered into contracts with its codefendant Tennessee Valley Authority; that, under the provisions of those contracts, the City collected, and/or should have collected, sums of money from the revenues of its electric power distribution system in lieu of taxes, but that, contrary to the intendments of those contracts and the federal statute authorizing the Tennessee Valley Authority to make such contracts, defendant City failed, and now fails, to distribute to the plaintiff County any portion of the amounts so collected; and, with special reference to such a contract executed by the defendants in 1959, the plaintiff County seeks recovery of unspecified amounts allegedly payable for the years 1959, 1960, 1961 and 1962. With reference to the defendant Tennessee Valley Authority, the complaint is that TVA is liable to the plaintiff County because TVA failed, as allegedly required by 16 U.S.C. § 831, et seq., to require in its contract with its codefendant that the defendant City pay over to the plaintiff County the sums it claims. Nowhere in the plaintiff's complaint is there any assertion that the dispute of any of these parties litigant arises *because of a dispute as to the proper construction* of 16 U.S.C. § 831, et seq.

The exact nature of the plaintiff's claim is difficult to identify; however, the action has the aura of a suit in contract by a third-party beneficiary. At any rate it is clear that any benefit to the plaintiff County must result from the proper execution and performance of the contracts between the defendants, to which the plaintiff County was not a party.

The contracts forming the basis of this action derive their efficacy from the Tennessee Valley Authority Act, as amended, 16 U.S.C. ch. 12A, " * * * and the contract is circumscribed by all the pertinent provisions of that statute." City of Tullahoma, Tennessee v. Coffee County, Tennessee, D.C.Tenn. (1962), 204 F.Supp. 794, 800 [13], citing Armour Packing Co. v. United States, 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681. As is conceded in the briefs of the parties litigant, any right the plaintiff County has to proceed herein is founded on that federal statute. There is, however, a clear distinction between an action arising in a right found in a federal statute, on the one hand, and an action involving a federal question giving this court jurisdiction under 28 U.S.C. § 1331 on the other. Cf. Pan American Petroleum Corp. v. Superior Court (1961), 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584, 590.

The Tennessee Valley Authority Act, as amended, supra, gives the plaintiff County no specific right of action. Its right of action, therefore, must emanate from 28 U.S.C. § 1331, which confers jurisdiction on federal district courts when the matter in controversy exceeds $10,000 and " * * * arises under the * * * laws * * * of the United States."

Assuming, *arguendo*, that the plaintiff County is vested with a third-party beneficial right under 16 U.S.C. § 831, et seq., it must also appear that the jurisdictional amount is in issue and that either the federal Constitution or one or more federal laws are also at issue before this court has any jurisdiction to determine the controversy.

■ There are well-established tests to be applied in determining whether a case arises under the Constitution or laws of the United States, as follows:

(1) To bring a case within this statute, supra, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.

(2) The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

(3) A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and *the controversy must be disclosed on the face of the complaint, unaided by the answer* (or by a petition for removal).

(4) *The complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action* and *anticipates or replies to a probable defense*. Gully v. First National Bank (1936) 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, cited in Pan American Petroleum Corp. v. Superior Court, supra, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584, 589.

The complaint of the plaintiff County in the case at bar, unaided by the defendants' answers, does not disclose any controversy as to the proper construction of the Tennessee Valley Authority Act, as amended, supra, by which the County, as plaintiff, and either or both of the defendants assert opposing constructions of the said Act, and which accordingly requires judicial construction by this court.

A similar situation claimed the attention of the United States Court of Appeals for the Sixth Circuit in reviewing an action of a federal district court in Tennessee. There, the owner of a leasehold interest in real property belonging to the federal government sought to determine and enforce its right to a credit on a local property tax assessment. It was alleged that its right to this credit arose pursuant to a federal statute. The defendants asked for a dismissal on the ground that the trial court lacked jurisdiction. This motion was denied, and a summary judgment was entered in favor of the plaintiff. The appellate court reversed the trial court with the observation, *inter alia*, that " * * * The complaint in the present case seeks to enforce a right which takes its origin in the laws of the United States, but there is nothing in the complaint alleging a dispute or controversy respecting the validity or construction of said law, upon the determination of which the result depends. It merely alleges that the appellants have failed and refused to recognize and give effect to the said Act of Congress and the determination of the credit due the complainant. * * * " Shelby County, Tennessee v. Fairway Homes, Inc., C.A.6th (1961), 285 F.2d 617, 619[3].

■ The concluding language quoted above might well be paraphrased for the action at bar, i. e., the plaintiff County's complaint herein merely alleges that the defendant City has failed and refused (and the defendant TVA has neglected to require its codefendant City) to recognize and give effect to the Tennessee Valley Authority Act, as amended, supra, in the matter of a proper distribution of the tax equivalent payments provided for

in the contracts of the defendants. There is nothing in this complaint alleging a dispute or controversy between the plaintiff and the respective defendants respecting the validity or construction of the Tennessee Valley Authority Act, supra. All the Court finds in the plaintiff County's complaint is the conclusion of the pleader that it was incumbent on the defendant City, in compliance with the Tennessee Valley Authority Act and the provisions of its power contracts with the defendant TVA " * * * to collect and pay over to the plaintiff, McMinn County, a tax equivalent * * *" for which, it is alleged, the defendant City is liable to the plaintiff County. This is insufficient to give a United States District Court jurisdiction under 28 U.S.C. § 1331. Cf. Beck v. Mariani, C.A.6th (1961), 293 F.2d 333.

The question of a court's jurisdiction of the subject matter may be raised at any time. Beck v. Mariani, supra. Despite the conclusions to the contrary included in the briefs of the parties on this question, the Court has been, and is, of the opinion that it lacks jurisdiction to determine the issues in this action in the present posture presented.

Because the parties have made so many references to the Tullahoma case, supra, it is well to point out that, there, the Court was concerned with a proper distribution of tax equivalent payments in a specified amount already collected by the plaintiff City therein. The plaintiff City, there, founded its action on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and a situation was presented to, and decided by, this Court wherein a substantial controversy between parties having adverse legal interests existed and wherein the relief sought was a reality requiring immediate determination. City of Tullahoma, Tenn. v. Coffee County, Tenn., supra, 204 F.Supp. 794, 797[1].

It is the opinion of the Court that the complaint of the plaintiff County fails to state a claim on which relief can be granted. The respective motions to dismiss by the defendants will be granted, and counsel will submit within ten (10) days appropriate orders to that effect, all agreeably with the local rules of this court.

## SUPPLEMENTAL OPINION

The Court filed a memorandum opinion expressing the view that the complaint herein failed to state a cause of action on which relief could be granted. Within ten days therefrom, the plaintiff filed a motion to amend its complaint so as to allege properly the jurisdiction of this court to determine the issues between the parties. 28 U.S.C. § 1653; Rule 15(a), Federal Rules of Civil Procedure; McMinn County v. City of Athens, supra.

Before this motion came to the attention of the Court, an order of dismissal in keeping with its memorandum was signed by all parties and the Court. It appearing that the plaintiff's proposed amendment to the original complaint was filed prior to the entry of the order of dismissal, the Court will treat the motion to amend, under these circumstances, as if no order of dismissal had been entered. Lone Star Motor Import Co. v. Citroen Cars Corp., C.A.5th (1961), 288 F.2d 69.

Amendments curative of defective or imperfect pleadings should be freely allowed. McHenry v. Ford Motor Co., C.A.6th (1959), 269 F.2d 18; Fuhrer v. Fuhrer, C.A.7th (1961), 292 F.2d 140; Rule 15(a), Federal Rules of Civil Procedure. This is so when justice requires and the adverse party will not thereby be prejudiced. In re Watauga Steam Laundry, D.C.Tenn. (1947), 7 F.R. D. 657. It is the aim of courts, wherever possible, to adjudicate all cases on their merits rather than on technicalities, and liberal treatment of amendments is to be encouraged where the adversary will suffer no prejudice or disadvantage. Cooper v. American Employers Insurance Co., C.A.6th (1961), 296 F.2d 303.

This Court is of the opinion that, in the instant situation, the only differ-

ential is whether the amendments will be allowed in this action or the plaintiff required to refile its action in another proceeding. No apparent prejudice or disadvantage could accrue to the defendants in this situation. Actually, the plaintiff originally undertook, although inartfully, to allege what the proffered amendments now allege in this action. McHenry v. Ford Motor Co., supra, is specific authority for the proposition that these amendments should be allowed.

On submission by counsel for the plaintiff of a proper order, agreeably with the local rules of this court, within ten (10) days herefrom, the Court's earlier order of dismissal will be stricken; this proceeding will be reinstated on the trial docket of the Southern Division; and the plaintiff's motion to amend, as proposed, will be allowed.