**BANDAG INCORPORATED, Plaintiff,**

v.

**BRAD RAGAN, INC., Defendant.**

**No. C–218–S–71.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Jan. 17, 1972.

C. T. Leonard, Jr., Greensboro, N. C., for plaintiff.

Floyd A. Gibson and Paul B. Bell, Charlotte, N. C., for defendant.

## MEMORANDUM ORDER

GORDON, Chief Judge.

■ This action was brought by the plaintiff herein for violation of federal trademark laws. The plaintiff is an Iowa corporation doing an extensive tire recapping business in several states under the trademark BANDAG. This trademark is duly registered under the applicable federal laws. The defendant is a North Carolina corporation also engaged in the tire recapping business and using the trade name BANDLUG. This trade name is not registered under federal law.

In October, 1970, following extensive correspondence and threats of legal action by the plaintiff, both parties entered into two agreements, a franchise and a licensing agreement. The franchise agreement, signed on October 9,

1970, permitted the defendant to use the patented processes of the plaintiff in its tire recapping business within Rowan County. The licensing agreement, signed on December 21, 1970, irrevocably permitted the defendant to use the trade name BANDLUG as part of the plaintiff's duly registered trademark BANDAG. Thereafter, the defendant terminated the franchise agreement.

On September 20, 1971, this action was commenced. On October 13, 1971, the defendant herein moved for summary judgment to dismiss the action.

The complaint of the plaintiff is based on its contention that the licensing agreement, irrevocable on its face, was either revoked by the termination of the franchise agreement, or it was part of the franchise agreement and therefore terminated by the termination of the franchise itself. The defendant answers that the license is still valid and in full force. This divergence of opinion constitutes a disagreement upon a material issue of fact, supported and substantiated by the proper affidavits. As Rule 56(c) of the Federal Rules of Civil Procedure requires that there be no genuine issue of material fact as a prerequisite to summary judgment, it is concluded that the motion by the defendant for summary judgment must be denied. Accordingly, it is

Ordered that the motion of the defendant for summary judgment be, and the same is, denied.

## MEMORANDUM ORDER

GORDON, Chief Judge.

This action was originally brought by the plaintiff herein for violation of federal trademark laws. The plaintiff is an Iowa corporation doing an extensive tire recapping business in several states under the trademark of BANDAG. This trademark is registered under federal law. The defendant herein is a North Carolina corporation also engaged in the tire recapping business and using the trade name BANDLUG. This trade name is not registered under federal law.

In October, 1970, following extensive correspondence and threats of legal action, the plaintiff and defendant entered into two agreements, one of which was a franchise agreement whereby the defendant was to be permitted to utilize the trade name and patented processes of the BANDAG corporation within Rowan County, North Carolina, to retread tires under the size 1400–24. This agreement was signed October 9, 1970. On December 21, 1970, the two parties signed another agreement, allegedly part of the first, by which BANDAG granted the defendant an irrevocable license to use the trade name BANDLUG as part of the plaintiff's registered trademark BANDAG. Soon thereafter, the defendant herein, Brad Ragan, Inc., terminated the franchise.

On September 20, 1971, this action was commenced. On October 13, 1971, the defendant herein moved for summary judgment to dismiss the action. On November 15, 1971, the plaintiff moved for leave to amend its complaint to allege a claim for relief upon breach of contract, jurisdiction in this Court being based on the diversity of citizenship.

The Supreme Court of the United States is most clear with regard to the allowance of amendments to pleadings.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *In the absence of any apparent or declared reason*—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, futility of amendment, etc.,—*the leave sought should, as the rules require, be 'freely given'."* Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). (Emphasis added)

In the fulfillment of the Rules' directive to "freely give" leave to amend, under similar circumstances other courts have granted these motions. See Snyder v. Dravco Corp., 6 F.R.D. 546 (W.D.Pa. 1947); Rucienski v. Vanadium Corp. of America, 6 F.R.D. 313 (W.D.N.Y.1943). Further, this Court can perceive no prejudice to the defendant, in a controversy less than two months old, wherein little discovery has been taken and where the amendments to be plead are closely connected to facts ascertained through the little discovery that has been conducted. The motion for leave to amend, it is concluded, should be granted. Accordingly, it is

Ordered that the motion by the plaintiff for leave to amend the complaint be, and the same is, allowed.