The **LASALLE & KOCH COMPANY**, Plaintiff-Appellant,

v.

**Michael J. DOYLE, Robert Bressler, Charles Ballard, and Retail Store Employees Union, Local 954, Defendants-Appellees.**

No. 18892.

United States Court of Appeals
Sixth Circuit.

July 31, 1969.

---

See also 261 F.Supp. 752.

Howard F. Sachs, Kansas City, Mo., Merritt W. Green, Toledo, Ohio, Harry L. Browne, Kansas City, Mo., on brief; Spencer, Fane, Britt & Browne, Kansas City, Mo., of counsel, for appellant.

Joseph E. Finley, Cleveland, Ohio, Metzenbaum, Gaines, Krupansky, Finley & Stern, Cleveland, Ohio, on brief, for appellees.

Before O'SULLIVAN, PHILLIPS and PECK, Circuit Judges.

PECK, Circuit Judge.

This appeal involves the construction of a strike settlement agreement, denominated by the parties and herein as the "Statement of Understanding," entered into on December 24, 1958, following a thirteen month department store strike in Toledo, Ohio. The Statement of Understanding, which was not a collective bargaining agreement, was signed by the appellant company and delivered to the appellee Union, which represented only a minority of the employees, through the Toledo Labor Management Citizens Committee (hereinafter referred to as "LMC"). That organization was established by civic leaders to provide mediation services for labor disputes and to generally promote labor peace.

In essence, the Statement of Understanding provided for the end of the strike, the reinstatement of the strikers, continuation for a period of approximately one and a half years of the wages and other benefits proposed by the appellant company in its last contract offer, and a method for reinstated employees to present grievances to an arbitration committee set up by the LMC. Most significantly to the question presented here, however, the Statement of Understanding did not expressly provide for a termination date. A termination date of June 30, 1960, contained in the final draft of the agreement submitted by the

Union through the LMC to the appellant was, at the request of the appellant, stricken out of the agreement which was signed by the appellant.

This agreement has been before this Court three times in the past,[1] and factual details reported in the prior cases will not be repeated here. However, none of the prior cases involving this agreement presented the primary question before us in this case, that is, the effective life of the Statement of Understanding.

The appellant brought suit in September, 1966, in the Court of Common Pleas of Lucas County, Ohio, to enjoin the three individual defendants from acting as arbitrators for certain grievances which arose under the Statement of Understanding after June 30, 1960, and which were filed with the LMC by the appellee Union on behalf of the employees. The appellant's contention there, as here, was that the Statement of Understanding expired on June 30, 1960. The appellee Union intervened in the state court proceedings, and all of the defendants-appellees petitioned for removal of the proceedings to the District Court. The appellant filed a motion for remand, but the District Court ruled that it had jurisdiction under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). At that point the appellant filed an amended complaint praying for a declaratory judgment holding that the three individual defendants (the arbitration panel of the LMC) were without authority to hear grievances which arose after June 30, 1960. The appellees counterclaimed, seeking enforcement of arbitration awards made by the panel of the three individual defendants during the pendency of the action in the District Court.

The District Court gave judgment for the defendants-appellees, and ordered enforcement of the arbitration awards. On the crucial question of the agreement's termination date, the District Court held that, on the basis of the fifth and sixth paragraphs of the agreement, the agreement was in effect on the dates the various grievances arose. The judgment further provided that the agreement was to continue in effect until the appellant's employees selected a collective bargaining agent pursuant to a National Labor Relations Board conducted election and a new collective bargaining agreement was executed by the newly selected bargaining agent and the appellant.

The crucial fifth and sixth paragraphs of the agreement provided as follows:

"5. Neither the Company nor the Union will interfere with the employee's right to join or not to join a union, as provided and guaranteed by the Labor-Management-Relations Act. Nothing contained herein is to be construed as giving recognition to the union unless at some future time within the discretion of the union, the union is certified as having been chosen by a majority of employees in a single store unit election conducted by the National Labor Relations Board.

"6. The Union agrees that it will not request bargaining rights unless it proves its right to represent the employees as provided in Paragraph 5 above; nor will the employer recognize any union except upon certification by the N.L.R.B.; nor will the Company file a petition for election unless a claim for representation is made upon the employer. Nothing herein shall preclude an employee re-

I. Retail Clerks Internat'l Ass'n v. Lion Dry Goods, Inc., 286 F.2d 235 (6th Cir. 1960), reversed in Retail Clerks Internat'l Ass'n v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962); Retail Clerks Internat'l Ass'n Local Unions Nos. 128 and 633 v. Lion Dry Goods, Inc., 341 F.2d 715 (6th Cir. 1965), cert. denied, 382 U.S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81 (1965); Retail Store Employees Union v. Lion Dry Goods, Inc., Docket No. 17,409 (unpublished order dated October 17, 1967), cert. denied, 390 U.S. 1013, 88 S.Ct. 1264, 20 L.Ed.2d 163 (1968).

presentative from entering areas of the store which are open to customers; or from communicating with employees, provided such communication is on the employee's non-working time and in no way interferes with the operating of the business."

■■ The District Court was also of the view that since the June 30, 1960, termination date was stricken from the final draft of the agreement upon the insistence of the appellant, the parties could not possibly have intended the agreement to terminate on the June 30th date. Viewing all the circumstances surrounding the execution of the Statement of Understanding, however, we conclude that it was the intention and the understanding of the parties that the agreement was to terminate on June 30, 1960.

The primary reason for our failure to agree with the District Court is that in our opinion paragraphs five and six do not support the District Court's conclusion that the agreement was to continue until the appellant's employees selected a new bargaining agent and a new contract was executed by the appellant and the newly selected union. By its terms, paragraph five merely provides for an agreement by the parties to recognize certain rights guaranteed to the employees by the Labor Management Relations Act, and contains a precautionary provision that the Statement of Understanding was not to be construed as granting recognition to the appellee Union. Paragraph six merely provides that the appellee Union (or any union) would not be entitled to recognition by the appellant until it had been certified as the collective bargaining agent by the National Labor Relations Board. In addition, paragraph six gave the appellee Union (or any union) the right to visit and communicate with the appellant's employees so long as the communication was on non-working time and did not interfere with the operation of the store. Although it might well be argued that certification of a union as bargaining agent and the execution of a new contract by such bargaining agent and the appellant would of itself terminate the Statement of Understanding, there is nothing on the face of paragraphs five or six to indicate that the agreement was to remain in effect until the occurrence of those events, events which we note might never occur. Therefore, we must re-examine the agreement to determine the intended termination date.

If the Statement of Understanding had merely been executed by the parties without containing a termination date, it seems clear that it could be shown that the intention of the parties was that the agreement was to terminate no later than June 30, 1960. At least four circumstances require this conclusion.

First, it is important to note that the parties had a history of entering into three year collective bargaining agreements prior to the strike which led to the strike settlement agreement in question. A three year contract running from the termination of the contract prior to the strike would have terminated on June 30, 1960. It would seem that it was the reasonable intention of the parties that the agreement that finally settled the 1957 strike should continue for three years from the date of the expiration of the last contract prior to the strike.

Second, "Exhibits A and B," which were schedules of wages, vacation benefits and other working hours and conditions of the appellant's final offer of November 15, 1957, for a three year contract from the expiration of the prior contract, were incorporated into, and physically attached to, the Statement of Understanding. Certain provisions of "Exhibits A and B," such as wages and vacation benefits, were by their terms to extend only until the end of the normal three year contract period ending June 30, 1960. Neither party seriously contends here that the wage and vacation schedules of "Exhibits A and B" were to extend beyond June 30, 1960, into the unforeseeable future.

Third, there was testimony at the trial that there was an oral understanding be-

tween the appellant and the mediator, Monsignor Doyle, that the agreement was to terminate no later than June 30, 1960, and that there was no need for a specific termination date because "Exhibits A and B" by their terms provided for a termination date of June 30, 1960, at the latest. It has been clearly accepted by the text writers that where a contract is silent as to its duration, evidence of a contemporaneous oral agreement is admissible to show the intended duration of the contract. See 4 S. Williston on Contracts § 640 (3rd ed. 1968); Restatement of Contracts § 240 (1932). See also, Farmer v. Arabian-American Oil Co., 277 F.2d 46 (2d Cir. 1960). This testimony was not directly contradicted at the trial, and it further appears from an examination of the testimony that neither party contemplated an agreement which would continue after June 30, 1960, at any time during the negotiations which led up to the execution of the Statement of Understanding.

Finally, we deal with the problem presented by the appellant's insistence upon the exclusion of an express termination date from the agreement. The District Court held that it could not possibly have been the intention of the parties that the agreement was to terminate no later than June 30, 1960, because the appellant requested the June 30th date be stricken from the final draft of the agreement. However, the appellant's reasons for striking the date from the agreement were adequately explained. In essence, the appellant thought the disagreement between it and the Union might "phase out" before the June 30th date. In addition the appellant apparently feared that if a specific termination date was in the agreement, the Union could raise the question whether the Statement of Understanding could be discarded or superseded by a new collective bargaining agreement prior to June 30, 1960, in the event another union would be selected by the employees as the bargaining agent. An important corollary to this was that the appellant did not want the Union to be able to claim to have negotiated a new contract with it which would run until June 30, 1960.

In light of the foregoing we hold that the parties did not intend that the agreement was to continue after June 30, 1960, at the latest, and that the agreement had expired when the grievances in question occurred.

The judgment of the District Court is reversed and the cause will be remanded with instruction that judgment in favor of the plaintiff-appellant be entered on its amended complaint.